## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Bryan Blakeley, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1) I am a Special Agent employed by the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") and have been employed as a Special Agent since November 2023. I am an investigative or law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, firearm's violations, and other related offenses.

2) I have successfully completed the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center in Glynco, Georgia. I also graduated from the Homeland Security Investigations Special Agent Training (HSISAT). During HSISAT, I received extensive training conducting investigations related to firearms violations and narcotics smuggling, which includes interdiction and distribution activities where investigations commonly conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code (USC).

3) Your affiant is presently assigned to Homeland Security Investigations (HSI), RAC Arecibo.

4) As a Special Agent, your affiant's job and responsibilities include conducting investigations of alleged manufacturing, distributing or possession of controlled substances, 21 U.S.C. § 841 (a) (1)); importation of controlled substances 21 U.S.C § 952 (a)); smuggling of goods into the United States, 21 U.S.C. § 545; Immigration violations Title 8, United States Code; possession with the intent to distribute narcotic drug controlled substances while onboard a vessel subject to the jurisdiction of the United States 46 U.S.C. § 70501 et seq.; and related offenses

5) The information contained in this affidavit is based on my personal knowledge and observations during the course of this investigation, information conveyed to me by other

law enforcement officials, and my review of records, documents, and other physical evidence obtained during this investigation. This affidavit is not intended to include every fact observed by me or known by the government.

## PROBABLE CAUSE

6) On January 8th, 2026, agents of the Puerto Rico Police Bureau (PRPB) received information from a Confidential Informant (CI) who has previously provided reliable information. The CI reported that a residence located in Parcela #33 Bo. Pugnado Manatí Carretera 643 Manatí PR 00974, was being utilized by a Cristian GARCIA-De Jesus for the storage and distribution of illegal firearms. According to the CI, the current occupant of the residence was identified as Cristian GARCIA-De Jesus and his family.

7) Agents conducted surveillance at the residence and eventually obtained a search warrant for Parcela #33 Bo. Pugnado Manatí Carretera 643 Manatí PR 00974.

8) On January 15th, 2026 at approximately 7:00am PRPB agents with assistance of Homeland Security Investigations (HSI) Agents executed the search warrant of GARCIA-De Jesus's residence. At the residence GARCIA-De Jesus was present with several family members.

9) During the execution of the search warrant, GARCIA-De Jesus took agents to multiple areas around the house, specifically where guns were located around the house. A total of one rifle, four handguns, multiple gun parts, multiple gun cleaning tools, rounds of ammunition of multiple calibers, multiple shell casings, and magazines of multiple calibers were seized.

10) GARCIA-De Jesus was taken into custody by PRPB agents and interviewed by HSI agents. After waiving his rights on the PRPB form and on the HSI waiver form, GARCIA-De Jesus admitted to possessing the firearms and firearm parts seized. He further admitted to selling firearms illegally for approximately a year. GARCIA-De Jesus told agents that he normally sells weapons and earns between $200 U.S. and $400 U.S. dollars in profit. GARCIA-De Jesus told agents that he sells around five to seven weapons a week, also that he changes gun parts and modifies the guns so the guns gain additional value in the street.

11) A preliminary review of GARCIA-De Jesus's phone conducted pursuant to a consent revealed photos and videos of firearms along with multiple conversations regarding the sale of firearms corroborating the information from the CI and from GARCIA-De Jesus that he was engaged in the sale of firearms.

12) Checks were done by Alcohol, Tabacco and Firearms (ATF) agents and established that GARCIA-De Jesus does not possess a federal firearm license to engage in the business of importing, manufacturing, or dealing in firearms.



*Display of seized items

## CONCLUSION

Based upon my training, experience, and facts concerning this investigation, I respectfully believe that sufficient probable cause exists to show that **GARCIA-De Jesus** committed the above acts in violation of 18 U.S.C. § 922(a)(1)(A) (Firearms Trafficking).

Affiant hereby declares that the foregoing is true and correct to the best of Affiant's knowledge pursuant to the investigation conducted in this matter.

_____
Bryan Blakeley
Special Agent
Homeland Security Investigations

Sworn and subscribed in accordance with Fed. R. Crim. 4.1 by telephone on January __16__, 2026, at __3:21 p.m.__.

_____
Hector Ramos-Vega
United States Magistrate Judge
District of Puerto Rico